# IN THE SUPREME COURT OF THE STATE OF NEVADA

WELLS FARGO BANK, N.A., AS
TRUSTEE FOR THE POOLING AND
SERVICING AGREEMENT DATES AS
OF APRIL 1, 2005, PARK PLACE
SECURITIES, INC. ASSET-BACKED
PASS-THROUGH CERTIFICATES,
SERIES 2005-WHQ2,
        Appellant,

vs.

STAR GOLDEN ENTERPRISES, LLC,
        Respondent.

No. 70637

FILED

APR 21 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

Counsel for respondent has filed a Notice of Pending Bankruptcy, informing this court that respondent has filed a petition for bankruptcy relief. The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.,* 817 F.2d 1424 (9th Cir. 1987). It appears that respondent was a counter-defendant below. Therefore, this appeal is

stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)"]; *Dean*, 72 F.3d at 756 (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case").

Accordingly, we dismiss this appeal. This dismissal is without prejudice to appellant's right to move for reinstatement of this appeal upon either the lifting of the bankruptcy stay or final resolution of the

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (internal quotation marks omitted). Further, it "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

bankruptcy proceedings, if appellant deems such a motion appropriate at that time.

It is so ORDERED.

_____, J.
Douglas

_____ J.
Gibbons

_____, J.
Pickering

cc:    Hon. Valerie Adair, District Judge
        Janet Trost, Settlement Judge
        Wright, Finlay & Zak, LLP/Las Vegas
        Garman Turner Gordon
        Eighth District Court Clerk